IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:17-CR-92-TAV-HBG |
| AMIR HOSSEIN RASEKH, and | ) | |
| SETAREH SHAKIR-RASEKH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned on October 30, 2017, for a scheduled pretrial conference and motion hearing on Defendant Setareh Shakir-Rasekh's Motion to Continue All Deadlines and Trial Date [Doc. 20] and Defendant Amir Rasekh's Motion to Adopt Co-Defendant's Motion to Continue All Deadlines and Trial Date [Doc. 21]. Assistant United States Attorneys Jennifer Kolman and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Michael P. McGovern represented Defendant Amir Rasekh, who was also present. Attorney Norman D. McKellar appeared on behalf of Defendant Setareh Shakir-Rasekh, who was excused from the hearing.

In her motion, Defendant Setareh Shakir-Rasekh asks the Court to continue her November 13 trial date and all other deadlines to give her attorney additional time to review discovery, investigate the case, and to prepare for trial. The motion states that counsel is in the process of reviewing the discovery in this case and anticipates the provision of additional discovery. The

motion also says that the Government does not oppose a continuance. Defendant Amir Rasekh moves the Court to join in this motion, because he is similarly situated.

At the hearing, Attorney McKellar informed the Court that he awaited the release of computers and hard drives that were seized from the Defendants' residence and copied or "imaged" by the Government. Mr. McGovern said that Defendant Amir Rasekh also needed to review this discovery. Defense counsel confirmed that both Defendants waive their speedy trial rights with respect to the instant request to continue the trial.

The Government concurred with the need for a trial continuance. AUSA Kolman stated that law enforcement had imaged the electronic devices at issue and was reviewing the information. She anticipated that the remaining discovery would be released to the Defendants soon. The parties agreed on a new trial date of March 6, 2018, and Mr. McKellar requested a new motion deadline of November 22, 2017.

The Court finds the Defendants' joint request to continue the trial to be unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges the Defendants in a conspiracy to commit mail and wire fraud from 2013 to June 2017. Defendant Amir Rasekh first appeared in this district on October 3, 2017. Defendants contend and the Government acknowledges that there is outstanding discovery, consisting of copies of computers and computer hard drives. Counsel will need time to review this outstanding discovery before preparing and filing pretrial motions. To require the Defendants to proceed to trial without having received and reviewed this discovery would be a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Counsel also need time to investigate the case and to prepare for trial. The Court finds that all of this cannot take place by the November

13, 2017 trial date or in less than four months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' motions [**Docs. 20 & 21**] to continue the trial and other deadlines are **GRANTED**, and the trial is reset to **March 6, 2018**. The Court finds that all the time between the filing of Defendant Setareh Shakir-Rasekh's motion on October 19, 2017, and the new trial date of March 6, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the parties shall file pretrial motions on or before **November 22, 2017**. Responses to motions are due on **December 1, 2017.** The parties are to appear for a motion hearing on all pending pretrial motions on **December 5, 2017, at 1:30 p.m.** The final pretrial conference in this case is **February 21, 2018, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **February 17, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **February 24, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Amir Shakir-Rasekh's Motion to Adopt Co-defendant's Motion to Continue All Deadlines and Trial Date [**Doc. 21**] is **GRANTED**;

(2) The Defendants' joint motion to continue the trial and all deadlines [**Doc. 20**] is also **GRANTED**;

(3) The trial of this matter is reset to commence on **March 6, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the motion on **October 19, 2017**, and the new trial date of **March 6, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The new deadline for filing pretrial motions is **November 22, 2017**. Responses to motions are due on or before **December 1, 2017**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **December 5, 2017, at 1:30 p.m.**;

(7) The final pretrial conference will take place before the undersigned on **February 21, 2018, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **February 17, 2018**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **February 24, 2018**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge