IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:17-CR-92-TAV-HBG |
| | ) | |
| AMIR HOSSEIN SHAKIR-RASEKH, and | ) | |
| SETAREH SHAKIR-RASEKH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned on December 5, 2017, for a motion hearing on Defendant Setareh Shakir-Rasekh's Second Motion to Continue All Deadlines and Trial Date [Doc. 24] and the Motion of Defendant Amir Rasekh to Partially Adopt Motion of Setareh Shakir-Rasekh [Doc. 25]. Assistant United States Attorneys Frank M. Dale, Jr., and Jennifer Kolman appeared on behalf of the Government. Attorney Michael P. McGovern represented Defendant Amir Shakir-Rasekh.[1] Attorney Norman D. McKellar appeared on behalf of Defendant Setareh Shakir-Rasekh. The Court excused both Defendants from appearing at the hearing.

---

[1] Attorney Ann Short also appeared at the hearing and informed the Court that Defendant Amir Shakir-Rasekh had retained her and Donald Bosch to represent him in this matter. She said that she would be filing a motion for substitution of counsel in this case within the next day. The Court permitted Ms. Short to participate in scheduling at the hearing. Attorneys Bosch and Short filed a Motion to Substitute Counsel [Doc. 26] that evening, and the Court will rule on this motion by separate Order.

In her motion, Defendant Setareh Shakir-Rasekh asks the Court to continue her March 6, 2018 trial date and all other deadlines to give her attorney additional time to review discovery, investigate the case, and to prepare for trial. The motion states that counsel is still awaiting the disclosure of additional discovery, which the Government promised at the October 30, 2017 motion hearing. The motion also says that the Government does not oppose a continuance. Defendant Amir Shakir-Rasekh moves the Court to join in the request for extended discovery and motion deadlines but objects to a trial continuance.

At the hearing, Attorney McKellar informed the Court that the Government was still analyzing the computers and hard drives, which were seized from the Defendants' residence. He stated that this discovery involved over twenty terabytes of data and that he could not prepare pretrial motions until he had reviewed this discovery. Mr. McGovern said that he was in the same position as Mr. McKellar with regard to the discovery. However, he said that Defendant Amir Rasekh objected to a trial continuance because he is detained.

AUSA Dale explained that the Government had copied twenty-six terabytes of data from eight computers that were seized from Amir Shakir-Rasekh. He stated that he obtained the disks containing this data from the analyst and is copying these disks for defense counsel. He said that he is also in the process of reviewing this discovery. AUSA Dale said that although he could likely copy the disks within a week, the Government needed until January 23 to complete its disclosure of discovery. AUSA Dale said he would turn over the discovery as quickly as he could.

Ms. Short requested a new motion deadline of March 2, stating that she would need time to familiarize herself with the case and review the new discovery. The parties agreed on a new trial date of June 19, 2018.

The Court finds Defendant Setareh Shakir-Rasekh's request to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges the Defendants in a conspiracy to commit mail and wire fraud from 2013 to June 2017. The Government acknowledges that there is outstanding discovery, consisting of twenty-six terabytes of data from imaged copies of computers and computer hard drives. Defense counsel will need time to review this outstanding discovery before preparing and filing pretrial motions. Additionally, the Court observes that Defendant Amir Shakir-Rasekh has retained new counsel, who need time to review discovery and investigate the case. To require the Defendants to proceed to trial without having received and reviewed the voluminous undisclosed discovery would be a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Counsel also need time to investigate the case and to prepare for trial. The Court finds that all of this cannot take place by the March 6, 2017 trial date or in less than seven months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Despite counsel's need for additional time to review the discovery, Defendant Amir Shakir-Rasekh objects to a trial continuance. The Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. *United States v. Holyfield*, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a

codefendant must be reasonable.  *Henderson v. United States*, 476 U.S. 321, 327 (1986).  In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of § 3161(h)(6):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded.  Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

*United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance.  *See id.*

In the present case, Defendants Amir Shakir-Rasekh and Setareh Shakir-Rasekh are jointly indicted and no motion for severance has been filed.  For the reasons given above and in light of Defendant Amir Shakir-Rasekh's anticipated request for the substitution of counsel, the Court finds the seven-month delay is reasonable and that this delay is also attributable to Defendant Amir Shakir-Rasekh.  18 U.S.C. § 3161(h)(6).

Accordingly, the Defendant Setarah Shakir-Rasekh's motion [**Doc. 24**] to continue the trial and other deadlines is **GRANTED**, and the trial is reset to **June 19, 2018**.  The Court finds that all the time between the filing of Defendant Setareh Shakir-Rasekh's motion on November 22, 2017, and the new trial date of June 19, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B).  Defendant Amir Shakir-Rasekh's motion to join in his codefendant's motion to continue all non-trial deadlines [**Doc. 25**] is also **GRANTED**.  With regard to additional scheduling in this case, the Government's deadline for providing discovery is reopened and reset to **January 23, 2018**.  The

parties shall file pretrial motions on or before **March 2, 2018**. Responses to motions are due on **March 16, 2018.** The deadline for concluding plea negotiations and for providing reciprocal discovery is extended to **May 18, 2018**. The parties are to appear for a final pretrial conference on **June 12, 2018, at 1:30 p.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **June 4, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **June 8, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Setareh Shakir-Rasekh's Second Motion to Continue All Deadlines and Trial Date [**Doc. 24**] is **GRANTED;**

(2) The trial of this matter is reset to commence on **June 19, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of the motion on **November 22, 2017**, and the new trial date of **June 19, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government's discovery deadline is reopened and reset to **January 23, 2018**;

(5) The Motion of Defendant Amir Rasekh to Partially Adopt Motion of Setareh Shakir-Rasekh [**Doc. 25**] is also **GRANTED**;

(6) The new deadline for filing pretrial motions is **March 2, 2018**. Responses to motions are due on or before **March 16, 2018**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **May 18, 2018**;

(8) The final pretrial conference will take place before the undersigned on **June 12, 2018, at 1:30 p.m.**;

(9) Motions *in limine* must be filed no later than **June 4, 2018**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **June 8, 2018**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge